IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRY ALLEN HEVNER  )
 ) No. 15-545
v.

CAROLYN W. COLVIN

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for disability insurance benefits and supplemental social security income under Titles II and XVI of the Social Security Act, based on allegations of mental and physical impairments, including hypertension, depression, and asthma. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). In other words, I may review only the sufficiency of the evidence, and not its weight.

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed to properly weigh the opinions of Dr. Lewis, a treating physician, and consulting examiner Dr. Hahn; instead, the ALJ gave more weight to the opinions of Physician's Assistant ("P.A.") Tardivo, and Dr. Biundo. Plaintiff contends that due to these errors, the ALJ posed an incomplete hypothetical to the vocational expert ("VE"). Plaintiff further argues that the ALJ failed to make proper credibility findings regarding Plaintiff's testimony.

As regards Dr. Hahn, the ALJ discounted his opinions, because they "appeared to be" based on Plaintiff's subjective complaints alone, and due to the lack of supporting objective

2

medical evidence. In light of the sparse information contained in Dr. Hahn's report and the form that he filled out without any supporting explanations, this is an adequate reason for rejecting Dr. Hahn's opinion. Although Dr. Hahn noted Plaintiff's diagnosis of depression, his primary focus was on Plaintiff's physical condition and COPD. It is true that "[a] physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all." Francis v. Commissioner, 414 F. App'x 802, 804 (6th Cir. 2011). I find no error in the ALJ's treatment of Dr. Hahn's opinion.

Defendant suggests that the ALJ should not have credited the opinion of P.A. Tardivo over that of Dr. Hahn. The ALJ gave great weight to the August, 2011 opinion of P.A. Tardivo, who had last seen Plaintiff on June 15, 2011. P.A. Tardivo checked "no limitation" in all areas. TR 312. She then stated, "I have only treated this pt for [illegible], depression, fatigue, [illegible], smoking addiction I cannot comment this time on physical restrictions."[1]

When an ALJ "determines that an opinion from an ['other source'] is entitled to greater weight than a medical opinion from a treating source, the [ALJ] must explain the reasons in the notice of decision." SSR 06-03p, 2006 SSR LEXIS 5. A physician's assistant, as an "other source," may be used to provide insight into the severity of the impairment and how it affects the individual's ability to function. 2006 SSR LEXIS 5. Thus, it is entitled to some weight. Sanborn v. Comm'r of Soc. Sec., 613 Fed. Appx. 171 (3d Cir. 2015). However, "[t]he law is clear that the opinion of a physician's assistant as it relates to disability is not entitled to great weight." Bliven v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 130995 (M.D. Fla. Aug. 7, 2014). One of the factors appropriately considered in weighing the opinion of an "other

---

[1] Plaintiff addresses the timing of the opinions of P.A. Tardivo and another source, Dr. Biundo. P.A. Tardivo's opinion was completed in August, 2011, and Dr. Biundo's on September 12, 2011. In his decision, the ALJ stated that the pertinent onset date was January 1, 2011. He noted that Plaintiff filed a motion to amend his onset date to September 1, 2012, but that the ALJ would consider the entire period originally at issue. Plaintiff does not address the motion to amend his onset date, or the ALJ's decision to consider the original onset date.

3

source" is the length and nature of the treatment relationship. 2006 SSR LEXIS 5, Policy Interpretation, Evidence from "Other Sources." In this case, the ALJ's determination of the weight to afford P.A. Tardivo's opinion was based on appropriate considerations.

I next address the ALJ's treatment of the medical opinion evidence relating to Plaintiff's mental condition – i.e., his treatment of the opinion of Dr. Lewis. As regards Dr. Lewis, the ALJ stated that there was no indication in the record that Dr. Lewis had ever examined or treated Plaintiff. As Defendant points out, however, there are such indications. For example, the record reflects various notations that Plaintiff should "continue treatment with" Dr. Lewis; moreover, in Dr. Lewis' mental capacity assessment, she states that she had treated Plaintiff since January 19, 2012. Nonetheless, the ALJ also found that the severity of the limitations in Dr. Lewis' opinion were "very inconsistent" with the treatment notes, indicating mild findings, from Dr. Lewis' treatment facility. Here, the records from Dr. Lewis' facility, Cornerstone Care, authored by medical providers other than Dr. Lewis, describe mild to moderate symptoms responsive to counseling and medication. There are no evident progress or other notes from Dr. Lewis herself in the record. "[A]n ALJ may reject a treating physician's opinion, if that opinion is inconsistent with the other medical evidence of record, including that physician's own progress notes," and so long as the ALJ explains his reason for doing so. Lewis v. Colvin, 2014 U.S. Dist. LEXIS 3600 (W.D. Pa. Jan. 13, 2014); Russo v. Astrue, 421 Fed. Appx. 184 (3d Cir. 2011). Again, I cannot reweigh the evidence. Under the circumstances, although it appears that the ALJ mistook the nature of the treating relationship, I cannot find that he erred in assessing the substance of Dr. Lewis' mental capacity assessment.[2]

---

[2] Because I find no error here, I need not address Plaintiff's contentions regarding the hypothetical to the vocational expert.

I next address Plaintiff's credibility arguments. "[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." 1996 SSR LEXIS 4. He asserts that the ALJ mischaracterized his testimony. For example, the ALJ noted that he cares for his severely handicapped daughter; Plaintiff points to his testimony that he only helps to do so twenty percent of the time. The ALJ noted that Plaintiff sits on the porch and goes fishing in the evenings; Plaintiff points out that he testified that he has fished two or three times, and that porch-sitting is not relevant. The ALJ certainly looked to Plaintiff's activities of daily living in assessing credibility, but his opinion did not rest on those activities alone. He found that the activities "detract from" Plaintiff's credibility, but also looked to Plaintiff's treatment and work history. In sum, I find no error.

## CONCLUSION

In conclusion, although I empathize with Plaintiff's situation, applicable standards require that his Motion be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 12th day of February, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court